ALDEN HOTEL CORPORATION, Plaintiff, v. GEORGE A. J. O'NEILL, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, April 30, 1949.

*Ruth Ranson* for plaintiff.

*Myle J. Holley* for defendant.

GENUNG, J. Plaintiff has instituted this action against the defendant for rent for the months of June through July, 1948, at the rate of $175 per month. Defendant in his answer alleges that the maximum rent for the apartment is $130 per month and counterclaims for treble damages for excessive rent charges for the months of December, 1947, through May, 1948, during which period the landlord demanded and received $175 per month as rent, together with reasonable attorney's fees.

Both sides have moved for summary judgment. There were no issues of fact presented by the affidavits. The defendant occupies an apartment in the Hotel Alden in New York City as a statutory tenant. The lease which expired expressly provides: "The Landlord will supply to the Tenant hotel maid service and such household linen as is usually and customarily supplied by hotels, and the Tenant agrees to pay to the Landlord for such maid service, such household linens, and furniture, the sums specified below for each month in advance on the first day of each and every month during the term. The charges for services are as follows:

"Maid Service included $      per month
"Linen Service not included $      per month
"Furniture included for two rooms $      per month. It is understood and agreed that the tenant may not discontinue any of said services during the demised term unless and until the written consent of the landlord is first obtained."

The maximum rent for the apartment pursuant to the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*) was $130 per month. The Hotel Alden is an establishment commonly known as a hotel in the community and the defendant was provided with all the customary hotel services except linen service. Such linen service was available to the defendant on June 30, 1947, but the defendant chose not to avail himself thereof. The defendant's affidavit alleges "the tenant, with full knowledge of the fact that plaintiff could or did furnish such service, decided not to avail himself thereof but to supply himself with his needs in this regard."

After the enactment of the Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*), the plaintiff made application to the Office of the Housing Expediter for an order

decontrolling certain apartment units in the Hotel Alden. An order of the Area Office of the Housing Expediter on January 23, 1948, indicated that the defendant's apartment was decontrolled. Pursuant to Local Law No. 54 of 1947 of the City of New York controlling and regulating rents and evictions in hotels in New York City, the temporary city housing rent commission by order dated February 9, 1948, adjusted and increased the maximum rent for the defendant's apartment to $175 per month retroactive to December 1, 1947. On March 30, 1948, the Housing Expediter modified its order of January 23, 1948, to the extent that the defendant's apartment was not to be considered decontrolled housing accommodations and the maximum rent therefor was $130 per month. On August 26, 1948, the Office of the Housing Expediter revoked the order of January 23, 1948, as modified by the order of March 30, 1948, with respect to the subject apartment effective as of June 1, 1948, with an indication that such "office has not passed upon the eligibility for decontrol of the accommodations mentioned herein".

The plaintiff now urges that the defendant's apartment as a matter of law is decontrolled pursuant to subdivision (c) of section 202· of the Housing and Rent Act of 1947 as amended in 1948 (U. S. Code, tit. 50, Appendix, § 1892; Public Law 464, 80th Cong., 2d Sess., ch. 161) and the regulations of the Housing Expediter issued thereunder. The defendant on the other hand urges that the apartment is subject to the control of the Federal rent laws since linen services were not furnished to the defendant and the lease of the apartment of which he is a statutory tenant, expressly provides that the landlord was not required to furnish linen service to him.

It appears that the subject premises were decontrolled under the Housing and Rent Act of 1947 as amended in 1948. Subdivision (c) of section 202 of the act provides:

"(c) The term ' controlled housing accommodations ' means housing accommodations in any defense-rental area, except that it does not include —

"(1) those housing accommodations, in any establishment which is commonly known as a hotel in the community in which it is located, which are occupied by persons who are provided customary hotel services such as maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of furniture and fixtures, and bellboy service ".

In the report on the Housing and Rent Act of 1948, a statement of the managers on the part of the House of Representa-

tives referring to a prior regulation issued by the Housing Expediter as to hotel services to be furnished, stated: '' The effect of this regulation, of course, was to require that all services specified in the law must be present before the housing accommodations were decontrolled. That was not the intent of Congress when the 1947 act was passed. Not necessarily all the types of services named in the act as examples need be provided in all cases, as long as enough are provided to constitute customary hotel services usually supplied in establishments commonly known as hotels in the community where they are located.'' (94 Cong. Rec. 3504, March 24, 1948.)

On April 19, 1948, the Housing Expediter issued the following memorandum (Memorandum No. 44) wherein he stated: '' The legislative history of the Housing and Rent Act of 1948 also makes it very clear that Congress does not intend that the customary hotel services must have been actually provided to the guest on June 30, 1947. It is sufficient for the purposes of decontrol if the services were available to the guest with or without extra cost. If, therefore, the hotel on June 30, 1947, provided linen service at an additional cost the fact that the guest on June 30, 1947, did not accept this service does not defeat decontrol.''

Moreover, it has been held in other jurisdictions that it is not incumbent upon the hotel establishment to provide the tenant with all the customary hotel services in order to qualify for decontrol, but merely that such customary hotel service shall be made available to the tenant at the same or extra cost. (*Riverside Apartment Hotel* v. *Rudnick,* U. S. Dist. Ct., Mass., Nov. 9, 1948, WYZANSKI, J.; *Woods* v. *Benson Hotel Corp.;* 81 F. Supp. 46.)

On June 30, 1947, the plaintiff was furnishing to the defendant customary hotel services including furniture, maid service, telephone service, desk service and bellboy service. Linen service was available at the hotel for an additional charge. The defendant does not contend that such service was not available or that the plaintiff refused to provide him with such service. He merely says that the tenant chose not to avail himself of such services and made other arrangements. The provision in the expired lease that linen service was not to be provided to the tenant does not alter the fact that the plaintiff was willing to provide such service at additional cost to the tenant which is all that the plaintiff is required to do in order to qualify for decontrol. There is no requirement under subdivision (c) of

section 202 that such linen service must have been provided on June 30, 1947.

The court concludes that the subject premises were decontrolled under the Housing and Rent Act of 1947 as amended in 1948 and that the order of the temporary city housing rent commission increasing the rent to $175 per month was valid.

Plaintiff's motion for summary judgment is granted. Defendant's motion is denied.